MINTZ LEVIN COHN FERRIS
GLOVSKY AND POPEO, P.C.
Andrew D. Skale (SBN 211096)
adskale@mintz.com
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
(858) 314-1500

Attorney for Plaintiff Infinity Cube Limited

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| INFINITY CUBE LTD., | ) | '22CV547 BAS AGS |
|---|---|---|
| Plaintiff, | ) | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | ) | |
| MANGOLYTICS, INC., a Delaware corporation; and JAMES BLAKE, an individual residing in California, | ) | **JURY TRIAL DEMANDED** |
| Defendants. | ) | |

Plaintiff Infinity Cube Limited ("Infinity Cube"), by and through its counsel, for its Complaint against Mangolytics, Inc. ("Mangolytics") and James Blake (collectively "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of U.S. Patent No. 10,467,478 (the "'478 patent"). This action arises under the laws of the United States relating to patents, including 35 U.S.C. § 281.

## PARTIES

2. Plaintiff Infinity Cube is a Hong Kong based technology company with its principal place of business at 118 Wai Yip Street, Ngau Tau Kok, Hong Kong.

1
**COMPLAINT**

3. On information and belief, Mangolytics is a Delaware corporation with its principal offices at 691 S. Milpitas Boulevard, Milpitas, California 95035. Mangolytics is registered to do business in the state of California and has appointed Rich Waterman, 1855 Hamilton Avenue, Suite 203, San Jose, CA 95125 as its agent for service of process.

4. James Blake is a former professional tennis player, and an investor and user of the SwingVision product. Mr. Blake also provides testimonials used on the SwingVision website to market and promote the SwingVision product. On information and belief, Mr. Blake resides in San Diego County.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (patent), and 35 U.S.C. § 101 *et seq*.

6. Venue properly lies within the Southern District of California pursuant to the provisions of 28 U.S.C. §§ 1391(b), (c), and (d) and 1400(b). On information and belief, each Defendant conducts substantial business directly and/or through third parties or agents in this judicial district by at least selling and/or offering to sell the infringing product, and/or by conducting other business in this judicial district. Furthermore, Infinity Cube has been harmed by Defendants' conduct, business transactions and infringing sales in this district. On information and belief, Defendant Mangolytics engaged in infringing activities with Defendant Blake, a significant investor in Defendant Mangolytics, in Defendant Blake's home and/or offices in the District. Defendant Mangolytics advertises its infringing product using the fact that Defendant Blake is a significant investor in the company.

7. This Court has personal jurisdiction over each Defendant because, on information and belief, each Defendant transacts continuous and systematic business

2
**COMPLAINT**

within the state of California and the Southern District of California. In addition, this Court has personal jurisdiction over each Defendant because, on information and belief, this lawsuit arises out of each Defendant's infringing activities including, without limitation, each Defendant's making, using, selling and/or offering to sell its infringing product in the state of California and the Southern District of California. Finally, this Court has personal jurisdiction over each Defendant because, on information and belief, each Defendant has made, used, sold, and/or offered for sale its infringing product and placed such infringing product in the stream of interstate commerce with the expectation that such infringing product would be made, used, sold and/or offered for sale within the state of California and the Southern District of California. Moreover, the Defendants either reside in the District or have a regular and established place of business and have committed an act of alleged infringement in the District.

## THE ASSERTED PATENT

8. On November 5, 2019, United States Patent No. 10,467,478, entitled "System and Method for Mobile Feedback Generation Using Video Processing and Object Tracking," was duly and legally issued by the United States Patent and Trademark Office.

9. The named inventors of the '478 Patent are Kin Yu Ernest Chen, Geok Hong Victor Tan, and Lik Fai Alex Cheung, all of Hong Kong.

10. Infinity Cube is the assignee and owner of the entire right, title and interest in and to the '478 patent, and has the right to bring this suit for damages and other relief. A true and correct copy of the '478 patent is attached as Exhibit A.

11. Infinity Cube markets, promotes, uses, sells, and offers to sell its electronic line call system for tennis covered by its '478 patent under its eyes[3] brand. *See* https://www.eyes3.com/.

12. Infinity Cube's eyes[3] system is currently the only portable electronic line call system approved by the International Tennis Federation for use in tennis tournaments.

### DEFENDANTS

13. On information and belief, Defendants produce and distribute their own ball tracking smartphone application marketed under the name "SwingVision."

14. Defendants offer and market their smartphone application throughout the United States, at least through the website, https://swing.tennis/.

15. In Infinity Cube's communications, it advised Defendant Mangolytics that its product infringed the '478 patent, but that Infinity Cube was eager to discuss an amicable resolution.

16. After continued discussions, in or around March 2022, Defendant Mangolytics rejected Infinity Cube's attempt at an amicable resolution to the dispute.

### COUNT ONE
### (Infringement of U.S. Patent No. 10,467,478)

17. Infinity Cube repeats and re-alleges all allegations in this Complaint as if fully set forth herein.

18. The '478 patent is valid and enforceable.

19. At least Claims 1, 2, 10, and 11 of the '478 patent is directly and/or indirectly infringed by Defendants' acts of offering for sale, making, using, importing, and/or selling Defendants' SwingVision product (the "Accused Product").

20. Defendants are liable for patent infringement pursuant to 35 U.S.C. § 271, because Defendants have literally, and/or under the doctrine of equivalents, directly and willfully infringed, and continues to infringe, at least Claims 1, 2, 10,

and 11 of the '478 patent by at least using, selling, offering for sale, and/or importing the Accused Product.

21. Defendants also indirectly infringe at least Claims 1, 2, 10, and 11 of the '478 patent by encouraging end users to make, sell, offer for sale, and/or use the Accused Product.

22. A claim chart explaining in detail the manner in which Defendants are infringing representative claim 1 of the '478 patent is attached as Exhibit B.

23. On information and belief, Defendant Mangolytics engaged in infringing activities with Defendant Blake, by making, using, selling, and/or offering to sell the Accused Product within the District.

24. Defendants could not reasonably believe that their actions do not constitute infringement of the '478 patent, nor could they reasonably believe that the patent is invalid.

25. Defendants have been specifically aware of the '478 patent, its claims and their relevance to the Accused Product since at least as early as Nov. 12, 2021, when Defendants received Infinity Cube's letter.

26. Since learning of Infinity Cube's aforesaid patent, Defendants have continued to market and sell their infringing product despite not having a license to Infinity Cube's patent.

27. Defendants lacked a reasonable basis for believing they were not infringing at least Claims 1, 2, 10, and 11 of the '478 patent, or that those claims were invalid within a reasonable period of time after they became aware of the '478 patent.

28. Defendants lacked a reasonable basis for believing they were not infringing at least Claims 1, 2, 10, and 11 of the '478 patent, or that those claims were invalid when they designed and offered for sale the Accused Product.

29. Defendants continue to lack a reasonable basis for believing that they are not infringing at least Claims 1, 2, 10, and 11 of the '478 patent or that those claims were invalid, and continue their willful infringement by making, using, offering for sale and/or selling the Accused Product unless they are enjoined.

30. Like all U.S. patents, the '478 patent is presumed to be valid as a matter of law and that presumption can only be overcome by clear and convincing evidence.

31. Defendants infringement of the '478 patent, with knowledge of the '478 patent and its relevance to the Accused Product, without seeking a license, is willful and deliberate, entitling Infinity Cube to increased damages pursuant to 35 U.S.C. § 284, and to attorneys' fees and costs incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

32. Defendants' infringement of the '478 patent has caused and continues to cause immediate and irreparable damage to Plaintiff in an amount to be determined at trial. Plaintiff is entitled to its damages, including without limitation, lost business opportunities, reasonable royalties, lost profits, future lost profits, price erosion, and/or damage to goodwill.

33. Defendants' infringement of the '478 patent has caused and will continue to cause immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, unless this Court enjoins and restrains such activities.

34. Plaintiff is entitled to enhanced damages pursuant to 35 U.S.C. § 284, and costs, including attorneys' fees pursuant to 35 U.S.C. § 285, incurred prosecuting this action.

35. As a direct and proximate result of Defendants' willful actions, Plaintiff has been damaged and will continue to suffer irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Infinity Cube requests the following relief:

1. Adjudge that Defendants have infringed at least one claim of the '478 Patent, and the manufacture, use, sale, offer for sale, and/or importation of the Accused Product infringes at least one claim of the '478 Patent;

2. A preliminary and permanent injunction enjoining Defendants and their officers, agents, employees, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, suppliers, and all persons in active concert or participation with any of them, from making, using, selling, offering to sell, and/or importing the Accused Product, as well as any products substantially similar to such designs;

3. An Order awarding Plaintiff damages adequate to compensate for Defendants' infringement of the '478 Patent, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date infringement began;

4. An Order requiring Defendants to pay Plaintiff compensatory and/or other actual damages in an amount as yet undetermined caused by the foregoing acts and trebling such damages in accordance with 35 U.S.C. § 284;

5. An Order requiring Defendants to pay Plaintiff's costs and attorneys' fees in this action;

6. Pre- and post-judgement interest at the maximum legally allowable rate, according to proof;

7. An Order declaring this an exceptional case under 35 U.S.C. § 285; and

8. Such other and further relief as this Court may deem just and proper.

DATED: April 20, 2022                         Respectfully submitted,

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

By: s/Andrew D. Skale/
Andrew D. Skale (211096)

**Attorney for Infinity Cube Limited**

**COMPLAINT**

## DEMAND FOR JURY TRIAL

Infinity Cube hereby demands a trial by jury on all issues so triable pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: April 20, 2022

Respectfully submitted,

**MINTZ, LEVIN, COHN, FERRIS, GLOVSKY & POPEO, P.C.**

By: s/Andrew D. Skale/
    Andrew D. Skale (211096)

**Attorney for Infinity Cube Limited**